Filed 1/11/23  In re Khalanni M. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KHALANNI M., a Person Coming Under the Juvenile Court Law. | B315573<br><br>(Los Angeles County Super. Ct. No. 20LJJP00258A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KHALIL M.,<br><br>    Defendant and Appellant;<br><br>A.B.,<br><br>    Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin Kesler, Juvenile Court Referee. Affirmed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Linda Rehm, under appointment by the Court of Appeal, for Defendant and Respondent.

Dawyn H. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

In this case involving three-year-old Khalanni M., the juvenile court terminated its jurisdiction and entered an order under Welfare and Institutions Code section 362.4, subdivision (a),[1] awarding Khalanni's mother sole legal and physical custody and limiting unmonitored visits between Khalanni and her father, Khalil M., to two hours a week. Khalil appeals from that custody and visitation order, commonly referred to as an "exit order" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513), arguing the court abused its discretion in not awarding him joint legal custody and in restricting his unmonitored visits to two hours a week. We affirm.

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *In Khalil's Previous Appeal, We Affirm the Juvenile Court's Jurisdiction Findings and Disposition Order Concerning Khalanni*

In 2020 the Los Angeles County Department of Children and Family Services filed section 300 petitions asserting juvenile court jurisdiction over two of Khalil's children: Khalil M. Jr.,[2] whose mother is Cheyanne N., and Khalanni, whose mother is Arviana B.  The Department alleged Khalil Jr. came within the court's jurisdiction under section 300, subdivisions (a) and (b)(1), because, among other reasons, Khalil had abused Khalil Jr. by hitting him in the chest, Khalil and Cheyanne had a history of violent physical altercations, and Khalil had threatened to kill Cheyanne and shoot her family members.  The Department alleged Khalanni also came within the court's jurisdiction under section 300, subdivisions (a) and (b)(1), because, among other reasons, Khalil and Arviana had a history of verbal and physical altercations, Khalil had physically abused Khalanni's half-sibling Khalil Jr., and Khalil had a history of violent altercations with Cheyanne.  (*In re Khalil M. Jr.* (Sept. 15, 2021, B309621, B309622) [nonpub. opn.] (*Khalil I*).)

In December 2020 the juvenile court consolidated the petitions for a jurisdiction hearing at which the court sustained both petitions.  At disposition the court declared Khalil Jr. and Khalanni dependent children of the juvenile court, removed both children from Khalil (and Khalil Jr. from Cheyanne), and placed Khalanni with Arviana.  (*Khalil I, supra.*)

---

[2]    In September 2021, when we decided Khalil's previous appeal, Khalil Jr. was four years old.

Khalil appealed from the jurisdiction findings and disposition orders for both children. In September 2021 we affirmed the jurisdiction findings and disposition order for Khalanni and affirmed those for Khalil Jr. on the condition the juvenile court and the Department redress their failure to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). (*Khalil I*, *supra*.)

B. *The Juvenile Court Terminates Its Jurisdiction over Khalanni, Awards Sole Legal and Physical Custody to Arviana, and Limits Khalil's Unmonitored Visits*

Meanwhile, on June 7, 2021 the juvenile court held a section 364 review hearing in this case (Khalanni's). In anticipation of terminating its jurisdiction, the court continued the hearing to allow Khalil and Arviana to participate in mediation regarding custody and visitation. Over objections by the Department, Arviana, and counsel for Khalanni, the court ordered that in the meantime Khalil—who, since at least December 2020, had been allowed only monitored visits with Khalanni—could have one unmonitored two-hour visit each week, provided he maintained satisfactory drug test results.[3] The court indicated its tentative decision for a custody and visitation order was to award joint legal custody to Khalil and Arviana.

After their mediation, Khalil and Arviana entered into an agreement subject to amendment and final approval by the juvenile court. The agreement provided Khalanni would live

---

[3] In December 2020 the juvenile court ordered two monitored two-hour visits each week for Khalil. Later, at some time before the June 2021 hearing, the Department liberalized this to one monitored visit each Saturday from 9:00 a.m. to 6:00 p.m.

with Arviana, and it set forth two visitation plans for Khalil. The first provided that every Saturday Khalil would have an unmonitored visit from noon to 2:00 p.m. and a monitored visit from 2:00 p.m. to 6:00 p.m. The second provided that, "[u]pon Court approval of all visitation (parenting time) being unsupervised," Khalil would "have parenting time every other weekend," from 6:00 p.m. Friday to 6:00 p.m. Sunday. The agreement also included provisions that would apply "[i]f the court orders Joint Legal [custody]."

On July 9, 2021 the juvenile court resumed the section 364 review hearing. After indicating it had received the mediation agreement, the court ordered that Khalil would continue to have one unmonitored two-hour visit each week and found good cause to continue the hearing again, this time to August 6, 2021.

On August 5, 2021 Khalil filed a motion to dismiss the previously sustained "domestic violence allegations" concerning him and Arviana because of "new evidence." The new evidence, according to Khalil, was a series of text messages he received from Arviana after the juvenile court sustained the allegations. He argued the messages showed Arviana "did not tell the 'TRUTH' regarding the domestic violence allegations."

On August 6, 2021 the juvenile court resumed the section 364 hearing. The court began by hearing and denying Khalil's motion. The court also indicated the motion made it "rethink" its order allowing Khalil unmonitored visitation, as well as the court's tentative decision for joint legal custody, because the motion suggested Khalil did not take responsibility for his prior domestic violence. Regarding the mediation agreement, the juvenile court ruled Arviana would have sole legal custody of Khalanni, and the court struck the provision that would have

5

allowed all Khalil's visits to be unsupervised. The court expressed its concern about Khalil's failure to accept responsibility for the fact the case was before the court, his continuing "attempt for power and control" over Arviana, and his "inability to communicate appropriately" with her. The court terminated its jurisdiction, awarded sole legal and physical custody to Arviana, ordered visitation for Khalil as provided in the amended mediation agreement (i.e., two hours of unmonitored visitation, followed by four hours of monitored visitation, on Saturdays), and stayed the order terminating jurisdiction pending receipt of a custody and visitation order. The court subsequently received and filed an exit order reflecting its rulings on custody and visitation. Khalil timely appealed.[4]

## DISCUSSION

Khalil contends the juvenile court erred in making its custody and visitation order. Specifically, he argues the court should have awarded joint legal custody of Khalanni, allowed all his visits with her be unmonitored, and ordered overnight visits as provided in the provision of the mediation agreement the court struck. These arguments lack merit.

In making custody and visitation orders under section 362.4, a juvenile court must be "guided by the totality of the

---

[4] In addition to appealing from the custody and visitation order, Khalil appealed from the juvenile court's August 6, 2021 order denying his "motion for new evidence." Because his briefs do not address that order, however, Khalil has abandoned that aspect of his appeal. (See *In re M.B.* (2022) 80 Cal.App.5th 617, 620, fn. 1.)

6

circumstances in issuing orders that are in the child's best interests." (*In re C.M.* (2019) 38 Cal.App.5th 101, 109; see *In re T.S.*, *supra*, 52 Cal.App.5th at pp. 513-514.) We review a juvenile court's custody and visitation order for abuse of discretion. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.) "An appealed-from judgment or order is presumed correct" (*In re Sade C.* (1996) 13 Cal.4th 952, 994), and "all legitimate inferences are indulged in to uphold the juvenile court's determinations" (*In re K.S.* (2016) 244 Cal.App.4th 327, 337).

The juvenile court did not abuse its discretion in awarding sole legal custody to Arviana instead of joint legal custody. In particular, the record supported the court's concern Khalil did not cooperate and communicate with Arviana, as required of parents exercising joint legal custody. (See Fam. Code, § 3003 ["'Joint legal custody' means that both parents shall share the right and the responsibility to make the decisions relating to the health, education, and welfare of a child."].) For example, in a last minute information report filed on August 6, 2021, the Department stated Arviana said that, when communicating with Khalil to arrange visits and other matters, she felt "bullied and harassed by" him, did "not want to get into a confrontation with" him, and agreed "with his requests so he [would] just leave her alone." The Department also reported that Khalil "is unable to set up a visit between himself and mother without a monitor involved" and that he "continues to demand things his way, which is more of a child mentality than [an] adult mentality."

Nor did the juvenile court abuse its discretion in continuing to allow Khalil one unmonitored two-hour visit each week, rather than ordering all his visits be unmonitored and include overnight visits. When the court made its custody and visitation order on

7

August 6, 2021, the court (over objections by the Department, Arviana, and Khalanni) had been allowing Khalil to have unmonitored visits with Khalanni—once weekly, for two hours—since June 7, 2021. The record reflects that during that period of over eight weeks Khalil had only three unmonitored two-hour visits with Khalanni (for a total of six hours), the last of which occurred on July 4, 2021, four weeks before the hearing. Not a lot of time or visits to evaluate whether unmonitored visitation was in Khalanni's best interests. The Department reported that, at one point in that period, Khalil went 24 days without arranging for any kind of visit with Khalanni and "refused to set up an unmonitored visit," even though Arviana made Khalanni available. The Department also reported that on August 2, 2021 Khalil hung up on one of its social workers when she contacted Khalil and asked for a date he could pick up Khalanni for an unmonitored visit. Without seeing more—and more regular— unmonitored visits by Khalil, the court reasonably concluded it was not in Khalanni's best interests to have all of Khalil's visits with Khalanni be unmonitored or to allow overnight visits.

## DISPOSITION

The juvenile court's custody and visitation order is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.